IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRISCO MEEKS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : 4:23-CV-1240 |
| | : (JUDGE MARIANI) |
| JOHN DOE, et al., | : |
| | : |
| Defendants. | : |

## ORDER

The background of this Order is as follows:

On July 27, 2023, *pro se* Plaintiff Frisco Meeks filed a Complaint against multiple defendants asserting several Section 1983 federal causes of action and claims under Pennsylvania state law. (Doc. 1). This Court referred the matter to Magistrate Judge Bloom, who issued a Report and Recommendation which recommends this Court dismiss Plaintiff's Complaint with prejudice. (Doc. 8). Specifically, Magistrate Judge Bloom found that Plaintiff's federal claims were barred by the statute of limitations and recommended the Court decline exercising supplemental jurisdiction over Plaintiff's state law claims. *Id.* Magistrate Judge Bloom further found that Plaintiff's Complaint cannot be cured by amendment and thus dismissal with prejudice was warranted.

Plaintiff filed an untimely objection to Magistrate Judge Bloom's Report and Recommendation. (Doc. 14). In that objection, Plaintiff asserts that the Court should consider his Complaint timely based on the doctrine of equitable tolling. Specifically,

Plaintiff claims equitable tolling is warranted because he was incarcerated during the COVID-19 pandemic, which prevented him from timely filing his claim. *See, e.g., Dellaria v. Hershey Med. Ctr.*, No. 1:21-CV-1718, 2022 WL 1785481, at * 5 (M.D. Pa. June 1, 2022) ("The COVID-19 pandemic may be an appropriate basis for equitable tolling, but the party seeking equitable tolling of the limitations period must connect the pandemic to his specific situation.").

The Third Circuit recognizes that "Complaints filed by *pro se* litigants" must be "liberally construed," *Rivera v. Monko*, 34 F.4th 909, 914 (3d Cir. 2022), and that leave to amend should be freely given. *See Doe v. Williamsport Area Sch. Dist.*, 699 F. Supp. 3d 306, 333 (M.D. Pa. 2023) ("The law in the Third Circuit is clear that leave to amend should be freely given."). Accordingly, the Court issues the following Order:

**AND NOW, THIS 7th DAY OF OCTOBER 2024**, upon review of Magistrate Judge Bloom's Report and Recommendation for clear error or manifest injustice, (Doc. 8), and Plaintiff's untimely objections to the Report and Recommendation, (Doc. 14), **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation, (Doc. 8), dismissing *pro se* Plaintiff's Complaint on statute of limitations grounds is **ADOPTED AS MODIFIED** to reflect that the dismissal of Plaintiff's Complaint is without prejudice.

2. Plaintiff's Complaint, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may file an Amended Complaint within sixty (60) days of this Order setting forth specific facts plausibly showing that equitable tolling applies to his claims.

4. Failure to file an Amended Complaint within sixty (60) days of this Order will result in dismissal with prejudice.

_____
Robert D. Mariani
United States District Judge