IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRISCO MEEKS,                          :
                                       :
            Plaintiff,                 :
                                       :
      v.                               :   4:23-CV-1240
                                       :   (JUDGE MARIANI)
JOHN DOE, *et al.*,                    :
                                       :
            Defendants.                :

## MEMORANDUM OPINION

Presently before the Court is a Report and Recommendation from Magistrate Judge

Bloom. (Doc. 23). In that Report and Recommendation, Magistrate Judge Bloom

recommends that this Court dismiss Plaintiff's Amended Complaint with prejudice. For the

reasons that follow, the Court will adopt Magistrate Judge Bloom's Report and

Recommendation as modified to reflect that Plaintiff's Amended Complaint will be dismissed

without prejudice.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On July 27, 2023, *pro se* Plaintiff Frisco Meeks filed a Complaint against multiple

John Doe defendants asserting several Section 1983 federal causes of action and claims

under Pennsylvania state law. (Doc. 1). This Court referred the matter to Magistrate Judge

Bloom, who issued a Report and Recommendation which recommended this Court dismiss

Plaintiff's Complaint with prejudice. (Doc. 8). Specifically, Magistrate Judge Bloom found

that Plaintiff's federal claims were barred by the statute of limitations and recommended the

Court decline exercising supplemental jurisdiction over Plaintiff's state law claims. *Id.* Magistrate Judge Bloom further found that Plaintiff's Complaint cannot be cured by amendment and thus dismissal with prejudice was warranted.

Plaintiff filed an untimely objection to Magistrate Judge Bloom's Report and Recommendation. (Doc. 14). In that objection, Plaintiff asserted that the Court should consider his Complaint timely based on the doctrine of equitable tolling. Specifically, Plaintiff claims equitable tolling is warranted because he was incarcerated during the COVID-19 pandemic, which he alleges prevented him from timely filing his claim. The Court adopted Magistrate Judge Bloom's Report and Recommendation as modified to reflect that the dismissal of Plaintiff's Complaint was without prejudice. (Doc. 18).

On January 10, 2025, Plaintiff filed an Amended Complaint, which largely asserts the same facts as the prior Complaint. (Doc. 21). Forty defendants are listed in the caption of the Amended Complaint, including several John Doe defendants. On February 11, 2025, Magistrate Judge Bloom issued a new Report and Recommendation recommending that this Court dismiss Plaintiff's Amended Complaint with prejudice. (Doc. 23). After several extensions of time, Plaintiff filed his objections to the Report and Recommendation on April 22, 2025. (Doc. 28).

## II.    <u>FACTUAL BACKGROUND</u>

Plaintiff's Amended Complaint raises federal and state law cause of action against forty named and unnamed Defendants, including medical personnel at Robert Packer

Hospital in Bradford County, Pennsylvania, State Police troopers from Pennsylvania and

New York, and local police officers in Bradford County. Plaintiff's Amended Complaint

brings federal claims pursuant to 42 U.S.C. § 1983 and Pennsylvania state law claims.

The events giving rise to Plaintiff's Amended Complaint stem from Plaintiff's stay at

the Robert Packer Hospital in July 2020 where he presented with a gunshot wound to the

chest. (Doc. 21 at 17-23). Meeks was treated by various hospital personnel and was

questioned by the police regarding the shooting. (*Id.*). Meeks alleges that a police officer

took and withheld his phone, and further alleges that his request to be discharged from the

hospital and collect his personal belongings was denied by hospital staff. (*Id.* at 20). He

further claims that he was held against his will by hospital staff and was questioned by state

troopers about a home invasion in New York State. (*Id.* at 20-21). Meeks was ultimately

informed that he was under arrest and was taken to the Bradford County detention center,

where he was held until July 29, 2020. (*Id.* at 3).

## III.   STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*.

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'"  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678).  "The plausibility determination is 'a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting

*Iqbal,* 556 U.S. 679).

Dismissal under Rule 12(b)(6) is appropriate where an affirmative defense—here the

statute of limitations—is apparent on the face of the complaint. *Wisniewski v. Fisher*, 857

F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

"When screening a complaint under Section 1915, a district court may sua sponte dismiss

the complaint as untimely under the statute of limitations where the defense is obvious from

the complaint and no development of the factual record is required." *Brown v. Buck*, 614

Fed App'x 590, 592 (3d Cir. 2015).

## IV.    ANALYSIS

Plaintiff filed his initial Complaint on July 27, 2023. "The statute of limitations for a §

1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir.

2009); *Wisniewski*, 857 F.3d at 157. Therefore, on the face of Plaintiff's initial Complaint his

Section 1983 claims are time-barred because his Section 1983 causes of action accrued no

later than July 27, 2020, when Meeks became aware, or should have became aware, that a

constitutional violation occurred. *See Sameric Corp. of Delaware*, *Inc. v. City of*

*Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues

when the plaintiff knew or should have known of the injury upon which its action is based.");

*see also Gunn v. Cornell Abraxas Grp., LLC*, 751 F. Supp. 3d 530, 536 (W.D. Pa. 2024)

("Determining when a § 1983 claim accrues is a question of federal law. . . . Under federal

law, a civil rights claim accrues when the plaintiff knew or should have known of the injury upon which its action is based.") (internal citation and quotation marks omitted). Accordingly, the Court adopted Magistrate Judge Bloom's Report and Recommendation as modified, and dismissed Plaintiff's initial Complaint, but permitted Plaintiff to file an Amended Complaint plausibly alleging facts demonstrating that equitable tolling should apply to his facially untimely claims.

Plaintiff's Amended Complaint asserts the same claims arising out of his July 25 and July 26, 2020 stay at Robert Packer Hospital. The two-year limitations period began to run on his Section 1983 claims, at the latest, on July 27, 2020. Thus, on the face of Plaintiff's Amended Complaint, his Section 1983 claims are time-barred because he did not initiate this action until July 27, 2023—one year too late. Nevertheless, Plaintiff suggests that equitable tolling should apply to his claims, both because of the COVID-19 pandemic and "because I was deceived by New York State Attorneys about the illegal actions" of the defendants. (Doc. 28 at 1). According to Plaintiff, he would have timely filed a complaint had he "never been deceived" by certain New York State attorneys. (*Id.* at 2). Moreover, Plaintiff still alleges that the COVID-19 pandemic prevented him from timely filling. (*Id.* at 2-3). None of Plaintiff's allegations support equitably tolling his facially untimely Section 1983 claims.

"The question of whether a statute of limitations should be tolled with respect to a Section 1983 claim is governed by state law unless it conflicts with applicable federal law."

*Heizman v. Cuffaro*, 2022 WL 1785486, at \*6 (M.D. Pa. June 1, 2022) (citing *Pearson v. Sec'y Dept. of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015)).  "Pennsylvania law allows a statute of limitations to be equitably tolled 'when a party, through no fault of its own, is unable to assert its right in a timely manner.'"  *Id.* (quoting *Nicole B. v. Sch. Dist. of Philadelphia*, 237 A.3d 986, 995 (Pa. 2020)).

Like Magistrate Judge Bloom, this Court is not persuaded that equitable tolling should apply under Pennsylvania law.  As an initial matter, the Court finds that Plaintiff failed to allege facts plausibly showing he exercised reasonable diligence in pursuing his claims, thus precluding application of equitable tolling under Pennsylvania or federal law.  *See Kach*, 589 F.3d at 642 ("To invoke this rule, a plaintiff must exercise reasonable diligence in discovering his injury.  The burden is on the plaintiff to show reasonable diligence.") (citations omitted).  This rule is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause.  *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).

A thorough review of Plaintiff's Amended Complaint and his Objections to the Report and Recommendation fails to allege any facts plausibly demonstrating that Plaintiff exercised reasonable diligence in discovering his injury.  Meeks knew, or should have known, of his alleged injuries no later than July 27, 2020.  Nor has Plaintiff plausibly alleged "extraordinary circumstances" warranting equitable tolling under Pennsylvania or federal

law.  *See Dates v. Winters*, 2022 WL 1157890, at *2 n.3 (E.D. Pa. Apr. 19, 2022) ("Absent a conflict with federal law, state law tolling principles govern Section 1983 claims.  The elements of equitable tolling in extraordinary circumstances are the same under federal and state law.").

Turning to Plaintiff's principal objections to the Report and Recommendation, the Court finds that Plaintiff's allegations in the Amended Complaint do not warrant equitable tolling.  First, Plaintiff has again failed to plausibly plead facts warranting equitable tolling due to the COVID-19 pandemic.  Meeks failed to show that the COVID-19 pandemic, as opposed to his own lack of diligence, accounted for his failure to timely file his federal claims.  *See United States v. Henry*, 2020 WL 7332657, at *1 (W.D. Pa. Dec. 14, 2020) ("Because Mr. Henry has not shown that external forces, rather than his lack of diligence, could account for his failure to file a timely claim, the Court concludes that there is no basis for equitable tolling."); *see also Dates*, 2022 WL 1157890, at *2-3  ("First, Plaintiff has not described any particular action that he took to diligently pursue his rights . . . . Second, Plaintiffs has not alleged any facts establishing a causal connection between his inability to access law library services for six months and his failure to timely file his complaint.").  "Courts have uniformly held that such plaintiffs must show that the pandemic specifically and actually impeded their ability to take action within the statute of limitations—it is not enough to invoke the pandemic as a catch-all extraordinary circumstances."  *Dates*, 2022

WL 1157890, at \*3 (collecting cases). "Nor does an inability to access library services constitute sufficient cause for equitable tolling." *Id.*

Second, the alleged deceit by his New York State attorneys is an insufficient basis to warrant equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling."); *see also Russi v. Smith*, 2022 WL 118110, at \*2 (E.D. Pa. Jan. 12, 2022) ("Similarly, incorrect advice from an attorney does not justify equitable tolling in non-capital cases."). Accepting Meeks' allegations that he was deceived by his New York State attorneys as true, these allegations do not warrant equitable tolling because only the most egregious type of attorney behavior, not alleged or present here, warrants equitable tolling. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237-38 (3d Cir. 1999) ("However, where—as here—the allegation is that a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had, we think there is a sufficient claim of attorney abandonment to bring the case within the narrow line of cases in which lawyer misconduct justifies equitable tolling.").

Even if the Court were to assume that federal tolling principles govern Plaintiff's claims, Plaintiff has failed to satisfy that standard because he has not plausibly plead reasonable diligence and further failed to plausibly plead extraordinary circumstances warranting the tolling of the statute of limitations. The Third Circuit has "articulated three

federal equitable tolling principles: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Kach*, 589 F.3d at 643 (internal citation and quotation marks omitted). Under federal law, "[t]he remedy of equitable tolling is extraordinary, and we extend it only sparingly." *Santos v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (internal citation and quotation marks omitted). None of the three federal equitable tolling principles are present based on the facts alleged in the Amended Complaint.

Moreover, the Amended Complaint is conclusory and still fails to plausibly "connect the pandemic to his specific situation." *Dellaria v. Hershey Med. Ctr.*, 2022 WL 1785481, at *5 (M.D. Pa. June 1, 2022) (internal citation and quotation marks omitted). Thus, the Amended Complaint fails to plausibly allege facts demonstrating that Plaintiff is entitled to equitable tolling on his Section 1983 claims. Accordingly, Plaintiff's Amended Complaint on its face is barred by the statute of limitations. The Court, upon *de novo* review, agrees with Magistrate Judge Bloom and will dismiss Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. However, the Court will adopt the Report and Recommendation as modified and permit Plaintiff one final opportunity to amend his complaint.

## V.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Bloom's Report and Recommendation as modified and will dismiss Plaintiff's Amended Complaint without prejudice.  Plaintiff will be granted one final opportunity file a Second Amended Complaint within sixty (60) days of the date of this Order setting forth facts plausibly showing that equitable tolling applies to his facially untimely claims.   A separate order follows.

Robert D. Mariani
United States District Judge