IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRISCO MEEKS, | : |
| Plaintiff, | : |
| v. | : 4:23-CV-1240 |
| | : (JUDGE MARIANI) |
| JOHN DOE, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. PROCEDURAL HISTORY & FACTUAL BACKGROUND

On July 27, 2023, *pro se* prisoner Plaintiff Frisco Meeks filed a Complaint against multiple John Doe defendants asserting several Section 1983 federal causes of action and claims under Pennsylvania state law. (Doc. 1). The matter was referred to Magistrate Judge Bloom, who issued a Report and Recommendation which recommended this Court dismiss Plaintiff's Complaint with prejudice. (Doc. 8). Specifically, Magistrate Judge Bloom found that Plaintiff's federal claims were barred by the statute of limitations and recommended the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.*). Magistrate Judge Bloom further found that Plaintiff's Complaint could not be cured by amendment and thus dismissal with prejudice was warranted.

Plaintiff filed an untimely objection to Magistrate Judge Bloom's Report and Recommendation. (Doc. 14). In that objection, Plaintiff asserted that the Court should

consider his Complaint timely based on the doctrine of equitable tolling. Specifically, Plaintiff claimed equitable tolling was warranted because he was incarcerated during the COVID-19 pandemic, which he alleged prevented him from timely filing his claim. This Court adopted Magistrate Judge Bloom's Report and Recommendation as modified to reflect that the dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) was without prejudice. (Doc. 18). The Court further directed Plaintiff to file an Amended Complaint within 60 days of the date of the Court's Order and cautioned that failure to do so "will result in dismissal with prejudice" of Plaintiff's action. (Id.).

Following the Court's grant of Plaintiff's request for an extension of time, on January 10, 2025, Plaintiff filed an Amended Complaint, which largely asserted the same facts as the prior Complaint (Doc. 21). Forty defendants were listed in the caption of the Amended Complaint, including several John Doe defendants. On February 11, 2025, Magistrate Judge Bloom issued a new Report and Recommendation again recommending that this Court dismiss Plaintiff's Amended Complaint with prejudice. (Doc. 23). After several extensions of time, Plaintiff filed his objections to the Report and Recommendation on April 22, 2025. (Doc. 28). The Court adopted Magistrate Judge Bloom's Report and Recommendation as modified to reflect that the dismissal of Plaintiff's Complaint was without prejudice. (Docs. 29-30). The Court's Order accompanying its memorandum opinion stated:

> **AND NOW, THIS 14th DAY OF MAY 2025**, upon *de novo* review of Magistrate Judge Bloom's Report and Recommendation, (Doc. 23), and Plaintiff's

2

objections to the Report and Recommendation, (Doc. 28), **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation, (Doc. 23), dismissing *pro se* Plaintiff's Amended Complaint on statute of limitations grounds is **ADOPTED AS MODIFIED** to reflect that the dismissal of Plaintiff's Amended Complaint, (Doc. 21), is without prejudice.

2. Plaintiff's Amended Complaint, (Doc. 21), is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff will be granted one final opportunity to file a Second Amended Complaint **within sixty (60) days of the date of this Order** setting forth facts plausibly showing that equitable tolling applies to his facially untimely claims.

4. Failure to file a Second Amended Complaint **within sixty (60) days of the date of this Order** will result in dismissal with prejudice.

(Doc. 30). Since that Order, Plaintiff has not filed a Second Amended Complaint and has not sought an extension of time to file a Second Amended Complaint, and the time to file a Second Amended Complaint has now passed.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (recognizing that a district court may *sua sponte* dismiss an action for failure to prosecute); *Iseley v. Bitner*, 216 Fed. App'x 252, 254-255 (3d Cir. 2007) ("A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)).

*See also Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) ("[w]hile a District Court may dismiss a case sua sponte, . . . it should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.") (internal citation omitted). The Third Circuit has recognized that a plaintiff's failure to comply with a Court order directing the plaintiff to file an amended complaint may form the basis for a District Court's *sua sponte* dismissal of the action for failure to prosecute. *See Azubuko v. Bell Nat'l Org.*, 243 Fed. App'x 728 (3d Cir. 2007); *see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp., LLC*, 45 F.4th 655, 661 (3d Cir. 2022) ("A court does not abuse its discretion in dismissing for failure to prosecute where a litigant's conduct has made adjudication impossible."); *Salley v. Beard*, 245 Fed. App'x 202, 204 (3d Cir. 2007) ("A district court may dismiss an action *sua sponte* as a sanction for failure to abide by court orders.").

Prior to dismissing an action for failure to prosecute, a Court generally must weigh the factors set forth by the Third Circuit in *Poulis v. State Farm Fire & Casualty Company*. Specifically,

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984). "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850

4

F.2d 152, 156 (3d Cir. 1988). Instead, the "factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870.

The Court does not believe that analysis of the *Poulis* factors is necessary on the facts of this case. Where, as here, "a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Azubuko*, 243 Fed. App'x at 729 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990); *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994)). The failure to file a Second Amended Complaint leaves the Court without any operative pleading in this action, making adjudication of this matter impossible. Nevertheless, out of an abundance of caution, the Court will proceed with a *Poulis* analysis, although the Court believes such analysis is unnecessary on the facts of this case.

Here, the Court finds that the *Poulis* factors weigh in favor of dismissal of this action. Preliminarily, while Plaintiff is appearing *pro se*, he has demonstrated an awareness of the mechanics in filing and prosecuting a civil matter, including the application of the Federal Rules of Civil Procedure and the Middle District of Pennsylvania Local Rules. (Docs. 7, 9, 11, 14, 15, 17, 19, 24, 26, 28). Moreover, because Plaintiff is proceeding *pro se*, the responsibility for his failure to prosecute this action falls squarely on him, and the Court warned Plaintiff that failure to file to a Second Amended Complaint would result in dismissal with prejudice. *See Dickens v. Danberg*, 700 Fed. App'x 116, 118 (3d Cir. 2017) ("The

District Court properly balanced the Poulis factors here. First, the responsibility for Dickens' failure to participate in the litigation falls on him, as he proceeded pro se.").

The failure to file a Second Amended Complaint within the timeframe provided by the Court is a knowing and willful act because only Plaintiff can take the steps to prosecute this action. *See Hall v. Holman*, 265 Fed. App'x 135, 137 (3d Cir. 2008) (district court did not abuse its discretion where *pro se* plaintiff's conduct "was at least in willful disregard of his responsibilities as a *pro se* litigant."). This is particularly true given the Court's warning that failure to file a Second Amended Complaint by July 14, 2025, would result in dismissal with prejudice. *See Pruden v. SCI Camp Hill*, 252 Fed. App'x 436, 438 (3d Cir. 2007) ("The District Court dismissed the complaint without prejudice and allowed Pruden twenty days in which to file an amended complaint. Pruden failed to do so. Because Pruden decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed Pruden's complaint with prejudice."); *see id* (district court did not abuse its discretion where, as here, "[t]he District Court expressly warned [*pro se* prisoner] that the failure to amend his complaint would result in dismissal of the action with prejudice."). Plaintiff's lack of action additionally implies, without any express statement, an intent to not proceed with the present action. *See Allen v. Am. Fed'n of Govt. Emp.*, 317 Fed. App'x 180, 181 (3d Cir 2009) ("Allen's failure to file an amended complaint plausibly signaled to the Court that he

was not pursuing his claims. Moreover, the refusal to file an amended complaint, would have left the District Court uncertain of the contours of Allen's claims.").

Additional delay in this action is also prejudicial to the Defendants, in that Plaintiff's failure to file an amended complaint, or any other document, leaves the Defendants without knowledge as to whether this action will proceed against them and prevents Defendants from moving the case any closer to completion or resolving the allegations and claims against them. In fact, although this case was filed over two years ago, none of the Defendants have been served with process (and many of the Defendants are still unidentified), and Plaintiff has no made attempts at service whatsoever. The failure to take any efforts in an attempt to serve (or name) the Defendants for over two years, *see* 28 U.S.C. § 1915(d)[1], as well as Plaintiff's failure to file timely objections to the Report and Recommendation, (Doc. 14), and his failure to timely file a Second Amended Complaint in violation of this Court's Order, (Doc. 30), support a finding of a history of dilatoriness. Moreover, as a *pro se* plaintiff, Plaintiff was responsible to monitor the docket in his case. Further, the actions giving rise to Plaintiff's claims took place over five ago and this case has been pending for over two years—suggesting some prejudice to Defendants. *See Bull v. UPS*, 665 F.3d 68, 80 (3d Cir. 2010) (stating that "the inevitable dimming of witnesses' memories" is an example of prejudice under *Poulis*).

---

[1] *See also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.").

In addition, because this action cannot proceed in the absence of a complaint which adequately plead a cause of action, alternative sanctions, such as monetary sanctions, would not be effective in this case. Moreover, Plaintiff is proceeding *pro se* and in forma pauperis so alternative sanctions, such as monetary or discovery sanctions, would not be effective or applicable in this case. *See Dickens*, 700 Fed. App'x at 118 ("Fifth, the District Court properly found that it could not consider monetary sanctions as an alternative to dismissal, because Dickens was proceeding in forma pauperis.").

The Court further finds the final *Poulis* factor – meritoriousness of the claim – to further weigh in favor dismissal for the reasons set forth in the Court's May 14, 2025, memorandum opinion dismissing Plaintiff's Amended Complaint without prejudice. (Doc. 29). Plaintiff's *pro se* Amended Complaint lacked merit and was clearly facially barred by the statute of limitations. Moreover, Plaintiff failed to plead sufficient plausible factual content to establish that equitable tolling could plausibly apply to his untimely claims. *See Parker v. Pennstar Bank*, *NBT*, 436 Fed. App'x 124, 127 (3d Cir. 2011) ("we note that Parker relies in large part on conclusory statements and unfounded speculation. These types are allegations are typically insufficient to state a claim."). Further, neither Plaintiff's initial nor Amended Complaint (which principally asserts claims under Section 1983), alleged that any of the Defendants acted under color of state law, which is required for his Section 1983 claims. *See id.* And the case cannot proceed without a defendant. *See Brownlee v. Monroe Cnty. Corr. Facility*, 816 Fed. App'x 622, 624 (3d Cir. 2020) ("Finally,

while the District Court observed that Brownlee's serious allegations, if established at trial, would support recovery, it noted that the case could not proceed without a defendant.").

## III.   CONCLUSION

All other *Poulis* factors have been balanced and the Court finds these factors weigh in favor of dismissal of this action. For these reasons, this action will be dismissed with prejudice pursuant to Rule 41(b) and the Court's inherent authority. A separate Order follows.

Robert D. Mariani
United States District Judge